ROSA, PLAINTIFF AND APPELLANT, *v.* HEIRS OF GARCÍA, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action of Debt.

No. 3029.—Decided December 7, 1923.

INHERITANCE—RENUNCIATION—ACCEPTANCE—MINORS—BENEFIT OF INVENTORY.—
Admitting that in renouncing the inheritance together with the adult children the mother tacitly accepted it for the minors, such acceptance must be understood to be with benefit of inventory.

ID.—ID.—ID.—ID.—A tacit acceptance of the inheritance which the heirs of the debtor had renounced by a public deed can not be shown by the fact that they had been sued by another creditor who collected his debt by a judicial sale of a property of the said heirs, when the fact is that they did not answer the complaint or enter appearance in the action. Such an isolated fact, without showing that the heirs were in possession of the estate, is not sufficient to establish the presumption created by law.

ID.—EVIDENCE.—A plaintiff who alleges in his complaint that the defendants were the heirs of the debtor can not object to the admission in evidence of a deed wherein the said heirs rejected the inheritance on the ground that there was no declaration of heirship.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellant.

*Mr. José R. Aponte* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Lucas Rosa Ruiz brought an action against the heirs of Juan García Reyes to recover a certain sum of money proceeding from an obligation signed by him.

In the complaint it is alleged that Juan García Reyes died intestate and left as his sole heirs his widow and five children, who accepted the inheritance, and that neither the intestate nor his heirs had paid the amount of the obligation.

The heirs pleaded a general denial of the allegations of the complaint and alleged also that the inheritance had been repudiated and that the heirs were under no obligation to pay the debt.

The trial court dismissed the complaint and the present appeal was taken from that judgment.

The appellant assigns error in the weighing of the evidence and in the refusal of the court to admit evidence in rebuttal.

The only question discussed in the opinion on which the judgment of the trial court is based is whether or not the defendants accepted the inheritance. The court answered this question in the negative and that conclusion was reached by the court after weighing the contradictory evidence of both parties.

On September 2, 1922, the widow and three adult children executed an instrument renouncing the inheritance, and the complaint in this case was filed on September 7, 1922.

It is urged by the appellant that that instrument is of no effect, (1) because it was not executed by all of the heirs and (2) because certain isolated acts of the heirs indicate or are equivalent to an acceptance.

The statute determines the cases in which an acceptance or repudiation of an inheritance can be impugned after having been made. This can be done only when it is tainted by any of the defects which annul the consent, or when an

unknown will appears. Section 936 of the Civil Code. The plaintiff's evidence shows nothing in connection with the statute.

The repudiation made by the three adult children in no way affects the legal status of the two minors. Even under the erroneous assumption of the appellant that the act of repudiation of the adult heirs may be considered as a renunciation in favor of the said minors, as regards the latter the acceptance of the inheritance must be understood to be with benefit of inventory. It is true that neither the Spanish nor the revised Civil Code prescribes that when parents accept an inheritance for their minor children the acceptance is understood to be with benefit of inventory, but Scaevola, in commenting on article 996, equivalent to section 959 of our Code, says that in the same manner as it has been said with regard to guardians, paupers and deaf mutes that the inheritance is understood to be accepted by their legal representation with benefit of inventory, it should be said also with regard to parents. He continues as follows:

"It is also a rule of law that the statute governing one case should be applied to all cases where the same benefit is intended. This rule is admitted in the statutes and in the jurisprudence of the Supreme Court. *Ubi eadem est ratio eadem debet esse dispositio juris.* Now, is it going too far to consider the case of the parent and that of the guardian alike? Outside of their relation to the minor, what difference is there in their situation by reason of the inheritance given to the minor? Both act by representation and in both cases the purpose is not to prejudice the minor, but to assert his rights in the most advantageous manner. Therefore, as it is provided in section 992 that for the welfare of the minor the acceptance of an inheritance by a guardian is subject to the benefit of inventory, why not adopt the same rule with regard to the parent, in which case the *same benefit is intended* in favor of the heir?

"We are, therefore, of the opinion that a parent may accept an inheritance left to his minor children under his *patria potestas,* but *always* with benefit of inventory, and that he can never renounce

it, for the imposition of the said benefit is equivalent to this." 17 Scaevola, Civil Code, 406.

The appellant insists, however, in denying the repudiation, alleging that the defendants had accepted the inheritance previously. There is nothing in the evidence to support this contention of the appellant. Section 966 defines the cases in which an inheritance is considered as accepted. No act referred to in the said statute has been done by the defendants, nor has it been proved sufficiently and conclusively that as the heirs of their ancestor the defendants have performed any act which necessarily presupposes such a will to accept as would be considered a tacit acceptance under section 964 of the Civil Code. In this connection the appellant alleges that the heirs had been sued by another creditor who collected his debt by the forced sale of a property belonging to the defendants, and that this presupposes an act of implied acceptance. Apart from the fact that the defendants did not answer the complaint or participate in any of the proceedings of the action, such an isolated act, without any showing that the heirs were in possession of the estate, is not sufficient to establish the presumption prescribed by law. The appellant, however, further maintains that after the death of the ancestor the defendants paid him a part of the debt, and he attempts not only to present this fact as another act of tacit acceptance, but asked leave to amend the complaint for that reason in order to deduct the part of the debt collected and thus make the complaint agree with the evidence. But the trial court did not consider sufficient the testimony on this point of Enrique Rosa, a son of the plaintiff, and if anything can be deduced from the evidence in that sense it is that the plaintiff took possession of property of the ancestor in order to credit it to the obligation, without intervention by the defendants in the act of delivery or a determination in any manner of the value of the property.

The objection of the plaintiff to the admission of the instrument of repudiation on the ground that the defendants had not been declared previously to be the heirs of the ancestor is also unimportant, for, admitting for the sake of argument that a previous declaration was necessary, the plaintiff in his complaint alleged that the defendants were such heirs.

In any event, as under the rules stated it can not be held that the inheritance was accepted for the minors by their legal representatives purely and simply, the action of the plaintiff can be maintained only against the property of the ancestor, and to that effect, and also considering that according to section 948 of the Civil Code in legitimate successions the portion of the person who repudiates the inheritance shall always accrue to the co-heirs, the plaintiff may proceed with his action against the said minors; therefore, the judgment of the trial court should be affirmed as regards the widow and the three adult children and reversed with respect to the minors, the case being remanded for further proceedings not inconsistent with this opinion, without special imposition of costs.

*Affirmed in part.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.